IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES A. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-386-DRH |
| | ) |
| YOLANDE JOHNSON, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Tamms Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Leave to proceed *in forma pauperis* is **GRANTED**.

The Court notes that Petitioner is challenging a 1995 convictions for first degree murder, attempted first degree murder, and armed robbery. Based solely on the date of conviction, the instant petition would appear to be time-barred under 28 U.S.C. § 2244(d)(1). Petitioner, however, recounts a history of direct and post-conviction relief efforts spanning numerous years. Unfortunately, the filing dates and disposition dates for these efforts is not entirely clear from the face of petition. Therefore, the Court is unable to conclude - from the face of the petition or the record available to it - that the instant petition is, in fact, time barred.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt

of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. In its answer, the Respondent shall address whether the instant action is time-barred under 28 U.S.C. § 2244(d)(1).

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk [and each opposing party] informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 30, 2010.

/s/    DavidRHerndon
**DISTRICT JUDGE**

2